USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3 10 17

FEDERAL DISTRICT COURT

<u>SOUTHERN DISTRICT OF NEW YORK</u>

HERMAN CRESPO,

   PLAINTIFF,

Bernadette Lumas Codrington,

   Defendant,

Arraignment A.D.A. JOHN DOE,

   Defendant,

Lauren Perry, Trial A.D.A,

   Defendant,

Commanding Officer 10th Precinct

Warrant Squad, et. Al.

   Defendant,

Geraldo Rivera, Det. Investigating,

Arresting detective on Indictment

1562/11

   Defendant,

Det. James Mc Guire,

   Defendant,

Det. Jose Morales

   <u>Defendant</u>

JURY TRIAL REQUEST

AMENDED COMPLAINT

16 CIV.0708 [PGG]

RECEIVED
SDNY PRO SE OFFICE
2017 MAR 10 PM 1: 12
S.D. OF N.Y.

My name is Herman Crespo, I am the plaintiff in the instant law suit
Against the City of New York Police Department et al and all the De-
Fendants, my mailing address is 760 East 183 Street apt 527, Bronx,
New York,10460 , C/O Annette Noboa,  my Daughter,

List Of Names and Addresses Where They can be Served

Bernedette Lumas Codrington, Assistant District Attorney
Can be served via Counsel, Robin Mcabe , at One Hogan Place,
New York 10013

A.D.A. John Doe, presented the case to Judge Reenee A. White, at
Part 62, Manhattan Supreme Court on August 24,2011, where he
Became an unsworn witness for the people in testifying that an —
Allege  BLOODY CROWBAR was used by the plaintiff to break in-
To 344 West 23rd Street a 99 cent store.

Lauren Perry, was the assigned Assistant District Attorney, that lied
And stated that she had video, of plaintiff on scene along with witt-
Ness that had seen the plaintiff breaking into 99 cent store,notwith-
Standing this defendant Perry,continuously lied to the Judge in her
Motions that there was bloody crowbar used in the commission of —

2

Said crime, this prolonged the time the then defendant now plain-
iff in jail, Note that the A.D.A. Lauren Perry can be served along  -
With the John Doe, A.D.A. can be served at one Hogan Place,
Upon information and belief based, information received by Robin
Mc Cabe assigned attorney for Lauren Perry and the forementioned
Was the given one.

Detectives Geraldo Rivera, can be served by sending all moving     -
Papers to Elissa B. Jacobs, whom is the attorney for the defendant
Geraldo Rivera, whom testilyed and directly and deliberately acted
Outside the function of his official capacity or used in abuseing the
Official color of state belonging to the function of his job to commit
T a wrongful act, in improperly executing what later came to be   -
Known a warrant for plaintiff's arrest, The plaintiff at no time during
The course of the plaintiff being accosted by theses detectives did
He/plaintiff see a warrant or knew that he had been arrested for a –
Knew charge, he discovered this upon his arraignment day of August

2011, and actually saw the warrant for he was given discovery by
a.d.a. On or about October 18, 2011, otherwise he had no
knowledge

That he had a warrant.

Detective James Mcgure can be served at 100 Church Street, New York,New York 10007, Jose Morales can be served as per letter from Adverse counsel at 10th Precinct ,Warrant squad located  between 7 [th] and *th Avenues, New York City, New York.

## PRILIMINARY STATEMENTS

The plaintiff was arrested on an unseen warrant, by defendants, Rivera,Morales and Mcgure all of the 10th street warrant Squad, All three accosted the plaintiff under a guise that he had missed a Court date, on an unrelated charge that had been pending(see  the Attached exhibit of dismissed possession of burglary tools dismissed On May 8th,2012 in front of Honorable Judge BOYAR PART A, CRIMIN AL COURT) He was directly and deliberately lied to where the detect- Ive in charge stated that he would be back home before night fall or Later that night, the plaintiff was taken outside his apartment un – Handcuffed and each detective respective detective McGuire and  - Morales stood on alternated sides as they held and escorted the  - Plaintiff to the car where Detective Garcia lead the way some half a Block down Carpenter avenue, here the plaintiff was seen by all His neighbors and friends and it was apparent that these three men

Were cops to add insult to injury upon reaching the unmarked car

The detectives the put their hand on my head, while putting me in –

The back seat of the car, then each one sat on each side of the car

That I would not jump out car.

The plaintiff was the taken to the 10 precinct warrant squad precinct

Thereupon, he the plaintiff had been questioned and somewhere   -

The hour of 10 O'clock he was taken to what he believed was the

Courthouse, however he was taken to White Street, which in all –

Actuality was the Men's House of Detention known as the tombs.

He was housed there, he remained in waiting area until the next

Morning, thereupon he was taken to court where he remain there

All day without seeing anyone and told that he the plaintiff would

Have to come back the next day.

He returned to the tombs where he was housed around 8 O'clock at

Night, the 8th floor was his designated area, plaintiff immediately

Asked someone for some shower shoes and he took a shower he

Then locked into his cell and went to sleep only to awaken to pre-

Pare to go to court, and he was taken to court where sometime near

Noon he was taken to what later became known to him as part 62,

There in front of Reenee A White, Honorable Judge a A.D.A. Shouted

In a voice tress manner," Mr. Crespo was indicted by the Grand Jury
Of the State of New York, for committing the Crime of Burglary in the
2nd Degree, where he used A BLOODY CROWBARR WITH HIS dna HAD
BEEN FOUND ON IT, and did break into a 99 cent store located at 344
West 23rd Street in the borough of Manhattan, then the alleged -
Attorney that was supposed to be representing me gave me his card
—

And stated just say that you're not guilty of the charge, and he gave
—

His card, of which stated Hershel A.Katz, attorney at law, I stated  -
Would be the best time to call you, anytime was his response, I then
Was given an 8,000 dollar bail for a crime I had no Idea what it was
About or what they were talking about, I was shocked mesmerized
For I couldn't believe what had just happen and didn't know what
The hell had just transpired.

The plaintiff called the Lawyer time and again to no favorable end
Result, for plaintiff would only get answering machine, he tried to
Call his home and there to he was having problems to get through

The plaintiff did not see his alleged attorney for two months and
Not what if anything was transpiring in his case. On or about October
18th his third appearance at court for this attorney did not come to

A scheduled appearance prior to this date. He asked what if anything
He done on his behalf and he stated that he had voluntary
disclosure.

### Defendant Bernette Lumas Codington

The defendant duty as a Assistant District Attorney is first that they
Secure that they investigate that they have enough indicia to indict
The individual, second that the hold the spirit the law, and justice in
Securing an indictment. The District Attorney assistant, didn't do this
A.D.A> Codrington, use their office to directly and deliberately with –
The flavor and force of reliability testily to the Grand Jury of the -
And State of New York on August 15,2011 brought forth an indictment
Against Herman Crespo, when upon her addressing the Grand Jury she
Directly and deliberately lied to the Grand Jury presenting the grand
Jury by stating that Mr. Herman Crespo had used a Bloody crowbar in
Breaking into a 99 cent store located at 23rd Street in the county of -
New York, also that she had direct evidence in that Bloody DNA that
Proves he had removed stuff, from the 99 cent store, such as watches,
Tapes and other merchandise. The record shows at trial, that because
Her testilying she became an unsworn witness and bolstered the evid
ence to suit the predicate to the case, seeking to upgrade her position
and personal gain by obtaining an indictment on less than probable -

Cause, this action infuriated the minds of the Grand Jury and cause -
Plaintiff to be indicted on false testimony by the A.D.A. Codrington, by
Abusing the office of the District Attorney, either by being improperly
Trained and or supervised, or by her own whim to seek gain in the-
Function of her duty as, in doing such acts A.D.A. obtained an indict-
ment on less than probable causing the abuse of Process, malicious –
Prosecution, pain suffering, unwanted stress, anxiety, causing the  -
Spirit of justice and the law to be used in an improper manner and –
Consistent with cruel and unusual punishment to be administered
by causing of use of government officials to improperly use their
office to seek further prosecution, by Judge, Police officers and the
other defendants in the current law suit, and the need for this case
to be heard and cause of A.D.A. Bernette  Lumas Codrington, actions
of which is consistent with obstruction of Justice and deprivation of
the plaintiff's 4,5,6,8,11 and 14th amendments to the United States
Constitutions, as well as Civil Rights and unalienable rights as a citizen
To be free from cruel and unusual punishment that cause the plaintiff
To remain incarcerated for 17 and a half months also the fact that –
During the course of the plaintiffs incarceration, his paramour and
Mother of his children was diagnosed with cancer added insult to in
Jury, the need for this indictment was/is grounded on less than pro-
Bable cause, and the assistant A.D.A. should be monitored that they

Do not continue to violate citizens' rights and unlawful prosecutions

To continue to transpire, it's bad enough that citizens Constitutional

Rights are slowly being diminished, but these action or inactions by

A.D.A. Bernette Lumas Codrington should never be condoned. The

Plaintiff sues the A.D.A. in her professional and unprofessional

Capacity for all the violations set forth above and that will live eternal

Ally in my mind and spirit for all the mental and spiritual suffering as

Well as physical deprivation of being free in the pursuit of Happiness.

A.D.A. John Doe Whom Presented case at

Part 62, in front of Judge White August 24, 2011

On August 24, 2011, the plaintiff, was taken in front of Judge Reenee

A.White, and a Dark skin man stated in sum in a laud and voice tress

Manner, Mr. Crespo was indicted by the Grand Jury for having a

BLOODY CROWBAR WITH HIS DNA ON IT, WHEN HE BROKE THE
WINDOW IN, AT A 99 CENT STORE LOCATED AT 344 WEST 23 STREET,
IN – THE BOROUGH OF MANHATTAN. The Arraignment A.D.A.
infuriated

The mind of the judge, in stating this because the judge on all the
motions submitted by the plaintiff, the C.P.L. 30.20, 30.30 motion
along -

With the motion for Dismissal In The Interest Of Justice were both
denied based on the fact that the defendant now plaintiff had a

BLOODY

CROW Bar with his DNA, see attached copy of Decision of Court by

Honorable Reenee A. White. Also find unsigned Indictment respectful-

Ly Exhibit B, and the latter exhibit A

The reasoning for the a.d.a s actions were unfounded as well as for

The statements that were uttered by the a.d.a., he too, became an
unsworn witness for the Judge in requesting for a high bail that pro

Longed the plaintiff's time in jail, and did cause to further make it —

Highly improbable for the plaintiff to make it out of jail on bail, the

Bolstering of the incredible statement in consistent with the

The reality of what happen is absolutely absurd to say the least, this

Cause, the relentless denial and bias by Judge White that was counter

Productive, also proved to have its told when address the judge.

This action by the Arraignment  John Doe D.A. did violate his right to
due process of Laws and to have fair hearings and/or appearances in
court, denial of his Constitutional Rights 5,6,14, 8th 14th United States
Constitution Civil Rights, Federal Rights set fort Federal Laws and his
right to be free in the pursuit of Happy ness, also Equal Protection of
Laws, rights to be free from unlawful intrusion. This cause mental and

Spiritual stress and anguish, unwarranted delay in obtaining freedom

And furthered his stay in jail. The denial of all the motions and
continue-us incarceration

A.D.A. LAUREN PERRY ACTIONS PROLONGED INCARNCER
TION OF THE PLAINTIFF, ALONG WITH DIRECT AND DELIBERATE
LIES CONSISTENT WITH KNOWING AND WANTING DELIBERATE
INDIFFERENCE FOR BETTERMENT OF CITIZEN'S RIGHTS

The plaintiff was denied his Constitutional Rights and Unalienable
Rights to be free from unlawful being falsely prosecuted by A.D.A.
Lauren Perry for she directly and deliberately knew that she didn't
Have enough evidence to convict the plaintiff and the evidence of
The alleged DNA was taken unlawfully and the plaintiff challenge the
Constitutionality of the DNA and all the proceedings in the indictment
That the facts surrounding the DNA were and are tainted for the, the
Original was at Albany, and those witness were available to testify,
But the a d a assigned Perry choose to get Knew DNA, cause she didn't
Want to use the Albany DNA experts that were available. A.D.A. Perry
Became an unsworn witness in the use of Bloody Crowbar very well
Knowing that DNA had never been tested for blood and the use the
Crow bar not knowing as to what was the instrument that had been
Used on or to commit the crime. The denial of the Plaintiffs

See Note Below as following:

Despite the efforts of the plaintiff seeking discovery of all the material

Of indictment 1562/11 the pro se office have not given the plaintiff a

Copy of these moving papers, C.P.L. 160.50 release of case files that —

Were given to both respective Corporation counsels of the defendants

Therefore, the plaintiff prays this honorable Court would allow this

Amended continue for the plaintiff knows and firmly believes there

Are triable facts that warrant this courts determination in allowing —

The Spirit of the Law to move this Court in what is deem appropriate

For the further discovery that will put the icing on the cake so to

Further prove the plaintiff's true facts have been stated on the record

The evidence of the alleged Bloody Crowbar as stated by all the defen

Dents and in fact the Judge, had not been tested for blood as stated

By the forensic expert and reports see attached forensic [ Exh.D] that

Alone stands out for it states with particularity also the fact that there

Is  direct evidence on these reports that there was in suffice evidence

To prove as to whom did the DNA belong to; notwithstanding this

There is no proof what so ever that the Crowbar was the instrument

That had been used to commit said crime, nor is there any record that

Plaintiff was ever around the given area either before, during, or after

The allege commission of the crime, despite the speculation by the  -

Defendant district attorneys Lauren Perry, that there had been a
video tape with the plaintiff's face, at the commission of the crime

Upon the minutes dated December 28,2011  see attached minutes of                    Comment [S1]:

The court appearance where A.D.A. Lauren Perry stated that there
was no video tape, after it had been said by the arraignment A.D.A.

That there had been one See exhibit [E]  The record is clear and void

Of the plaintiff ever having been around the place where a crime had

Been committed,  before, during or after the crime had transpired,  -

The plaintiff took accept ion/exception to the Constitutionality of all

The proceedings prior to trial and during and during the trial both

Judges White and Juan Merchan were bias toward the then defendant

Also the judges White was in fact  angry for she kept repeating in all

The denial to the Interest of Justice Dismissal request as well as the

C.P.L. 3020,30.30 motions see attached exhibits (f)

All the factors set forth above and the ones that are actually trial test

imoney are further proof that the plaintiff has a viable triable issues

That can only be determine at trial and further discover.


Detective's Geraldo Rivera, James McGuire, and Jose Morale


The Detectives had knocked on the plaintiff's door, while the plaintiff

Had been awaiting a female friend of his, bear in mind that the

plaintiff only had a towel wrapped around him for he had taken a

Shower and subsequently fell asleep on the |sofa| while he awaited the

Comment [S2]:

Arrival of his lady friend, he heard a sudden loud knock on the door in

Believing that it was his female fried he rush and open the door as he

· Done so three men came rushing in two ran past him, while the third

Just stood there,the plaintiff screamed in loud voice in hoping that his
neighbors had heard him for he feared as to who were these men

The super open his door, as the short detective by the name of      -

Geraldo Rivera {Note that this detective was the original detective as-

Signed to the case, also the investigator after the crime had been
committed some 4 and one half years earlier also had been the
assigned Detective for all the burglaries that were transpiring during
the time of the burglary some 4 and half years earlier also had
arrested another suspect on unrelated burglary some years in close
proximate time of the commission of the instant burglary. Of indict

ment 1562/11, The Defendant Rivera, stated " do you have a case

pending in court" the plaintiff answered while reaching over to the

Kitchen refrigerator, to obtain a copy of a court date on a misdemean

Or charge that had been pending since January, 2011, and was
subsequently dismissed on or about May 8th 2012 approximately a
year and a half later. This was 3442 NYC 2011, and it was in part A
where it had been dismissed by Judge BOYAR See Copy of Disposition

Exhibit (G)

3- 10 - 17

Herman Crespo

HERMAN CRESPO

14

Defendant's Rivera, Jose Morales and Det. McGuire Are all guilty of Violating the policy and procedure of the office, they hold As Detectives They accosted the plaintiff At his apartment, by not Announceing they were officers, They scared the plaintiff, half out of his mind, They pushed their way into the apartment While Defendant's Morales and McGuire Ran past him.

Note: Detective Rivera was the Original Assigned Detective at the Time the allege crime happened He also was the Arresting officer, (in charge) of the case, he was brief. on the case, He and All the Detectives violated their own Policy + Procedure

Detective Rivera, was the Det,
that asked The plaintiff "if he
had a case pend", The plaintiff
reached toward the Refrigerator, and
handed the calendar date that he
was to Appear At Court part A

Note Exhibit Disposition of case, Calendar date court
Appearance
which was Sept, 6, 2011, The
Detective, lie to plaintiff stating, that
This was the reason, they had come
to get him, The 3 Detective, McLure
And Morales each holding one Arm
And Det, Rivera Lead the 3 toward
The place the unmarked Car was
Located, half a block down Carpentier
Avenue, where All Neighbors saw the
plaintiff being taken - people were
Looking out their windows and

page 2

enjoyng what was a beautifull day
in the front of their houses; to
add insult to injury – The Det,
McGuire, Morales, place hand cuffs
on the plaintiff and then held his
head as they push him into the
unmarked police car.

The Defendants are Guilty of
Violating Federal, State and United
States Constitution by Lieing to
The plaintiff, not stating they
were Detectives, suning into his
Apartment, not telling the Truth
as to what he was arrested
for, falsely arresting the plaintiff
by Lieing to him, Not showing
him any warrant at all.

The plaintiff seeks

Damages for false arrest, Malicious

prosecution, abuse of process

Defamation of Character, And

Abuse of Policey and Procedure

by all the Defends in

this Law Suit

Plaintiff Wants 8 million

Dollars for all Police Personell

And 8 Million Dollars from the

District Attorneys for making him stay

in Jail and Causing him Much pain

Anxiety, hardship and fear for his life

The plaintiff ask this Court to

Also that He May obtain 8 Million Dollars

from all police Personel involved in

P,8  this Matter, and/or Law Suit — official and

                                    unofficial

                                    Capacity

The 4, 5, 6, 8, 12, 14, Amendments federal law were violated by this and the Detective knew that plaintiff was never seen at the scene of the crime, nor was plaintiff carrying a bloody crowbar, before or after crime This knowledge would have been enough for him Det. Rivera to know that plaintiff never committed crime The Denial of the plaintiff to enjoy his Freedom, Accost him and Directly And deliberately arrest him without proper probable cause, the equal protect of Laws under New York State Const, Art. § 11, his due process Right have been infringe upon the last of page 4 Freedom, where his Common Law wife

had Cancer, And Died 3 months
After his release,

The Acts of the Defendants
Are so undignified that they
belittle the office they hold
The Detectives violated the policy
And procedure bestowed by New
York State Police Department, rules
And Regulation, They made the
plaintiff stay in Jail for 17½ Month
because they the Detectives lied
And Falsely Arrest, Their is a
rule of regularity" that no officer
Should lie or do something contrary
To the office they hold" These officer
s Acted in concert to make An
legal Arrest illegal And by doing so

Denied the plaintiff his rudi-
mental Rights

The Detectives are sued for
Tricing and falsely arresting plaintiff,
beginning a Malicious Prosecution and
an Abuse of Process, Causing the
plaintiff cruel and unusal punishment
by Arresting him on false statements
Scaring him the plaintiff half to
Death while plaintiff only had
a Towel around him while he
had been waiting for a Lady friend
on Arrest Date of August 22, 2011
Note: That Dective Jose Morales, Made statement
that plaintiff "Would not see streets for
a long time on his way to Court
"(Night Court)

## Relief Requested

The plaintiff wishes to have District Attorney properly Train and not to abuse the spirit of their office, so that plaintiff's rights will not be violated, in lieing Directly and deliberately knowing that they (A.D.A) become unsworn witness, that is for personal gain in that the 3 A.D.A, Codrington, Bennette Lummus, Arraignment A.D.A. And Assigned A.D.A. all lied to suit predicate of case for the Crowbar was never tested for Blood, The DNA that was on the Crowbar was insuffice to say who's D.N.A it belong to. See Exhibit on Next Page

p 7

The A.D.A had not enough evidence to arrest.

The plaintiff states with particularity that their Are muteral Facts on the exhibits given also on the complaint to go to trial on the instant Abustruction of Justice of All the Defendants in the Amended Complaint; upon further Discovery the plaintiff wants to have interrogatory questions Ask on each of the Defendant's in Law suit also Some witness of the police Department whom testified at Trial The plaintiff wishes to expirclite this case forthwith - Before he, the plaintiff becomes so ill that he is unable to do same.

Defendant's Rivera, Jose Morales
and Det. McGuire Are all guilty
of Violating the policy And procedure
of the Office, they hold As Detectives
They accosted the plaintiff At his
apartment, by not Announceing they
were officers, They scared the plain-
tiff, half out of his mind, They
pushed their way into the apartment
while Defendant's Morales And McGuire
Raw past him.

Note: Detective Rivera was the
Original Assigned Detective at the
Time the allege crime happend. He also
was the Arresting officer, in charge,
of the case, he was brief.
ON the case, He And All the

Detectives Violated their own Policy & procedure

Detective Rivera, was the Det,
that asked the plaintiff "if he
had a case pend", The plaintiff
reached toward the Refrigerator, and
handed the calender date that he
was to appear at Court part a
Note Exhibit Disposition of case, Calendar date Court Appearing
which was Sept, 6, 2011, The
Detective, lie to plaintiff stating, that
This was the reason, they had come
to get him, The 3 Detective, McGuire
and Morales each holding one arm
and Det, Rivera Lead the 3 toward
The place the unmarked car was
Located, half a block down Carpentier,
Avenue, where all Neighbors saw the
plaintiff being taken - people were
Looking out their windows and

page 2

enjoyns what was a beautifull day
in the front of their houses; to
add insult to anjury — The Det.
McGuire, Morales, place hand cuffs
on the plaintiff and then held his
head as they push him into the
un-marked police car,

The Defendauts are Guilty of
violating Federal, state and United
States Constitution by Lieing to
The plaintiff, not stating they
were Detectives, runing into his
Apartment, not telling the Truth
as to what he was arrested
for, falsely arresting the plaintiff
by lieing to him, not showing
him any tearrant at all.

p.3

The plaintiff seeks
Damages for false arrest, Malicious
prosecution, abuse of process
Defamation of character, And
Abuse of Policey and Procedure
by all the Defends in
this Law Suit

plaintiff wants 8 Million
Dollars for all Police personell
And 8 Million Dollars from the
District Attorneys for making him stay
in Jail and causing him Much pain
Anxiety, hardship and fear for his Life

The plaintiff ask this Court to
also that he may obtain 8 Million Dollars
from all police Personel involved in
P. 8 this Matter, and/or Law Suit - official and
unofficial
capacity

The 4, 5, 6, 8 11, 14, Amendments, federal law were violated by this and The Detective knew that plaintiff was never seen at the scene of The crime, Nor was plaintiff carrying A bloody crowbar, before or after crime This knowledge would have been enough for him Det. Rivera to know That plaintiff never committed crime The denial of the plaintiff to enjoy his freedom, Accost him and Directly And deliberately arrest him without proper probable cause, the equal protect of laws under New York State Const, Art. § 11, his due process Right have been infringe upon the lost of page 4 Freedom, where his Common Law wife

had Cancer, And Died 3 months
After his release,

The Acts of the Defendants
Are so undignified that they
belittle the office they hold
The Detectives violated the policy
And procedure bestowed by New
York State Police Department, Rules
And Regulation, They made the
plaintiff stay in Jail for 17½ Month
because they the Detectives lied
And Falsely Arrest, Their is a
rule of "regularity" that no officer
should lie or do something contrary
to the office they hold" These officer
s acted in concert to make An
legal Arrest illegal And by doing so

Denied the plaintiff his rudi-
mental Rights
    The Detectives are sued for
lieing and falsely arresting plaintiff,
begining a Malicious Prosecution and
an abuse of process, Causing the
plaintiff cruel and unusal punishment
by Arresting him on false statemeats
Scaring him the plaintiff half to
Death while plaintiff only had
A Towel around him while he
had been waiting for a Lady friend
on Arrest Date of August 22, 2011
Note: That Dective Jose Morales, Made statement
that plaintiff. "Would not see streets for
A long time on his way to Court
(Night Court)

6

continued Relief sort

## Relief Requested

The plaintiff wishes to have District Attorney properly Train And not to abuse the spirit of their office, so that plaintiff's rights will not be violated, in lieing Directly and deliberately Knowing that they (A.D.A's) become unsworn witness, that is for personal gain in that the 3 A.D.A. Codrington, Benette Lummus, Arraignment A.D.A. And Assigned A.D.A. all lied to suit predicate of case for The Crowbar was never tested for blood, The D.N.A that was on the Crowbar was insuffice to say who's D.N.A. it belong to.

See exhibit on Next Page

The A.D.A had not enough evidence to arrest.

Indictment Lost in Train
with other Material, on Thursday
March 9, 2017.

Exhibit A.
Orginal Indictment was
not Signed And foremen never
Signed it, its not even
Dated

The Disposition of
Two Cases 1563/11 And
3442 NYC 2011

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

CERTIFICATE OF DISPOSITION
NUMBER:  307937

THE PEOPLE OF THE STATE OF NEW YORK
VS

CRESPO,HERMAN
Defendant

10/06/1952
Date of Birth

631 EAST 220 STREET D
Address

3112210Y
NYSID Number

BRONX                    NY
City                State    Zip

01/13/2011
Date of Arrest/Issue

Docket Number: 2011NY003442

Summons No:

140.35
Arraignment Charges

Case Disposition Information:

| Date | Court Action | Judge | Part |
|------|-------------|-------|------|
| 11/08/2012 | DISMISSED - MOTION OF DA | BOYAR,D | A |

NO FEE CERTIFICATION

_ GOVERNMENT AGENCY        _ COUNSEL ASSIGNED

_ NO RECORD OF ATTORNEY READILY AVAILABLE. DEFENDANT STATES COUNSEL WAS ASSIGNED

SOURCE  _ ACCUSATORY INSTRUMENT  _ DOCKET BOOK/CRIMS  _ CRC3030[CRS963]

I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN
THIS COURT.

FANELLI,R
COURT OFFICIAL SIGNATURE AND SEAL

02/28/2013
DATE        FEE: NONE

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT
          SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.)

pursuant

the CPL

SUPREME COURT OF THE STATE OF NEW YORK    NO FEE
NEW YORK COUNTY
100 CENTRE STREET
NEW YORK, NY 10013

## CERTIFICATE OF DISPOSITION ACQUITTAL

DATE: 02/28/2013                    CERTIFICATE OF DISPOSITION NUMBER: 32007

PEOPLE OF THE STATE OF NEW YORK       CASE NUMBER:            01562-2011
              VS.                     LOWER COURT NUMBER(S):
                                      DATE OF ARREST:         08/22/2011
                                      ARREST #:               M11673923
CRESPO,HERMAN                         DATE OF BIRTH:          10/06/1952
                                      DATE FILED:             08/15/2011
_____
         DEFENDANT

I HEREBY CERTIFY THAT IT APPEARS FROM AN EXAMINATION OF THE RECORDS
ON FILE IN THIS OFFICE THAT ON 01/29/2013 THE ABOVE NAMED
DEFENDANT WAS TRIED AND FOUND NOT GUILTY OF ALL PENDING CRIMINAL
CHARGES AS TO THIS CRIMINAL ACTION BEFORE THE HONORABLE
MERCHAN,J   THEN A JUDGE OF THIS COURT.

THE DEFENDANT WAS DISCHARGED FROM THE JURISDICTION OF THE COURT.

THE ABOVE MENTIONED ACQUITTAL IS A TERMINATION OF THE CRIMINAL
ACTION IN FAVOR OF THE ACCUSED AND PURSUANT TO SECTION 160.60 OF
THE CRIMINAL PROCEDURE LAW "THE ARREST AND PROSECUTION SHALL BE
DEEMED A NULLITY AND THE ACCUSED SHALL BE RESTORED, IN
CONTEMPLATION OF LAW, TO THE STATUS OCCUPIED BEFORE THE ARREST
AND PROSECUTION".

PURSUANT TO SECTION 160.50(1C) OF THE CRIMINAL PROCEDURE LAW, ALL
OFFICIAL RECORDS AND PAPERS RELATING TO THIS CASE ARE SEALED.

IN WITNESS WHEREOF,I HAVE HEREUNTO SET MY HAND AND AFFIXED MY
OFFICIAL SEAL ON THIS DATE 02/28/2013

_____
             COURT CLERK

- Date expected to Court
on unrelate Case use 3442NY(2011)
by Det. Rivera, when
lied by Defendant' as
to the reality of things

Exhibit C.

# CRIMINAL COURT OF THE CITY OF NEW YORK

Docket Number _____

Arraignment Date _____ Arraignment Judge _____

You are to appear in Court on _____ by 9:30 A.M. at Part **PART A**, located at 100 Centre
Street, New York, N.Y. 10013.

Your bail has been fixed at

$ _____ Insurance Company Bail Bond.
or
$ _____ Cash Bail.

If you are released and you fail to appear at the time, date, and place indicated above,
A Warrant for your Arrest will be issued.
Your Bail, if any, will be forfeited.
You may be charged with the crime of Bail Jumping.

If you are committed:
You have the right to communicate with relatives or friends by letter or telephone free of charge.
You have the right to the aid of counsel at every stage of the proceedings.

If you desire counsel and are financially unable to obtain counsel, counsel shall be assigned to you.

**PLEASE BRING THIS NOTICE WITH YOU WHENEVER YOU APPEAR IN COURT.**

CRC 3019 (8/92)

(over) (sigue)

Motions Lost in Train
one Day prior to Deliver to
Court, Not returned by nuyone

This in furrinted Mind
of Judge White
Bloody Crowbar with
his DNA

other Motions by Decision
of Judge White where it
states Bloody Crowbar
used by ADA's Defendants
in instant Case

Dissmissal in Interest of Justice } Motion
Decision

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK - CRIMINAL TERM - PART 62
- - - - - - - - - - - - - - - - - - - - -x
THE PEOPLE OF THE STATE OF NEW YORK,

    -against-                 Indictment No.:
                                1562/2011

HERMAN CRESPO,                 Proceeding

                 Defendant.
- - - - - - - - - - - - - - - - - - - -x

              100 Centre Street
              New York, New York 10013

              February 28, 2012

B E F O R E:

    THE HONORABLE RENEE A. WHITE, Judge

A P P E A R A N C E S:

FOR MS. FROMKIN:

    OFFICE OF CYRUS R. VANCE, JR.
    District Attorney New York County
    One Hogan Place
    New York, New York 10013

    BY:  JENNIFER FROMKIN, ESQ.

FOR THE DEFENDANT:

    ROBERT WEINSTEIN, ESQ.
    Attorneys for Defendant
    350 Broadway
    New York, New York 10007

1    THE CLERK:  Calendar 20, 1562/2011, Herman Crespo.

2  Appearance for the record.

3    MR. WEINSTEIN:  Robert Weinstein, 350 Broadway,

4  New York New York.  Good afternoon, your Honor.

5    THE COURT:  Good afternoon.

6    THE COURT OFFICER:  One coming out.

7    THE COURT:  All right.  Mr. Crespo is in the

8  courtroom.  I've rendered a decision on the motions to

9  dismiss, and it's denied.

10    I'm giving the defendant an unstapled copy of the

11  decision.  I'm giving the People a copy.  Unfortunately, I

12  don't have another copy for Mr. Weinstein.  I will have to

13  make you a copy.

14    MR. WEINSTEIN:  Thank you, Judge.

15    THE COURT:  We'll fax it to you if you give us

16  your fax number.  The motions are denied.  Now, do you wish

17  to set a trial date?

18    THE DEFENDANT:  Excuse me, may I speak?

19    THE COURT:  I'll give you.  You have a copy of the

20  decision.  I want to know what date you want to go to trial.

21    THE DEFENDANT:  Realistically, I would like to

22  make a statement before I go to trial, with all due respect.

23  First and foremost, I take exception to your ruling.

24    THE COURT:  You have a right to appeal from my

25  ruling.

1          THE DEFENDANT: With all due respect, I have asked

2   my alleged legal advisor to help me obtain some discovery. I

3   have yet to receive that. I sent a copy also to the Court so

4   that the Court could be aware as to what I wish and what I

5   desire before I go to court -- I mean to trial, and to date,

6   I haven't gotten that.

7          I haven't seen an alleged video in which your

8   Honor, you stated to the district attorney that she was

9   supposed to give it to Mr. Weinstein within a week, and she

10   has yet --

11          THE COURT: Did you receive the video?

12          MR. WEINSTEIN: I don't know what video this is,

13   Judge.

14          THE COURT: Let me see if I have any notes about

15   that. I said ADA to turn over photos and video to defendant

16   in January.

17          MR. WEINSTEIN: I have photos, Judge.

18          THE COURT: You have the photos. Is there any

19   video?

20          MS. FROMKIN: There is no video, your Honor. I

21   have a note from the assigned saying there is no video.

22          THE COURT: There is no video.

23          THE DEFENDANT: Okay fine. With all due respect,

24   there is another issue that I would like to state. With all

25   due respect, could somebody help me put on my glasses? Could

1  I take these off so I can put on my glasses?

2        THE COURT:  Mr. Weinstein could you help

3  Mr. Crespo put on his glasses?

4        THE DEFENDANT:  Thank you.  I would like to read

5  something.  Is there any possibility that I can?

6        THE COURT:  Sit down.

7        THE DEFENDANT:  With all due respect there's a

8  presumption of regularity in essence that no official is

9  supposed to, acting under oath or under office, to submit

10  something contrary to their duty.

11        Realistically, you were informed in essence that

12  there was some blood on a crowbar.  Anyway based on the BOP,

13  or better said, the Bill of Particulars that were given by

14  the district attorney's office, it states that my blood was

15  never on any crowbar.

16        THE COURT:  Sir, you can -- you're going to have a

17  right to discuss all of this at the trial.  I've made a

18  decision on the motions.  The next item of business is the

19  trial.  I'm not going to rule on anything until there is a

20  trial.

21        THE DEFENDANT:  Your Honor, with all due

22  respect --

23        THE COURT:  With all due respect to you,

24  Mr. Crespo, I need to set a date for trial.

25        THE DEFENDANT:  All right.

1    THE COURT:  When will the People be ready?

2    MS. FROMKIN:  Any time, your Honor.

3    MR. WEINSTEIN:  Judge, I have to address the Court

4    about a couple of things.  It relates to his readiness for

5    trial, Judge.

6    Mr. Crespo asked me for minutes of certain

7    proceedings in this courtroom.  The Court signed the order, I

8    provided it.  Mr. Crespo asked me to have an investigator

9    appointed.  The Court signed an investigator order.

10    THE COURT:  Thank you.

11    MR. WEINSTEIN:  I've sent it out to the

12    investigator; however, Mr. Crespo asked the investigator to

13    come visit him in Riker's Island instead of write it up.

14    That hasn't been done.  It should be done within a week.

15    Mr. Crespo asked me today, he does want a DNA

16    expert appointed.  That I didn't know.  Now I know.  That

17    should impact the date.

18    THE DEFENDANT:  Excuse me, your Honor.  Can I

19    speak?

20    THE COURT:  Yes.  I need to first get a date from

21    you.  Do you mind letting me go through that?

22    THE DEFENDANT:  Let's make it a month and a half.

23    I have no problem with that.

24    THE COURT:  April 10th or April 17th?

25    THE DEFENDANT:  With all due respect, may I



**OFFICE OF CHIEF MEDICAL EXAMINER**
Charles S. Hirsch, M.D., *Chief Medical Examiner*

**DEPARTMENT OF FORENSIC BIOLOGY**
Mechthild Prinz, Ph.D., *Director*
Howard J. Baum, Ph.D., *Deputy Director*
421 East 26th Street, New York, NY 10016
Tel: 212.323.1200 · Fax: 212.323.1590 · E-mail: DNALab@ocme.nyc.gov

September 9, 2007

## LABORATORY REPORT

**COMPLAINANT:** Mamadou Diakhate

**LAB NO:** FB07-01010

**COMPLAINT NO:** 2007-010-01955

*[handwritten: LDDK underline]*

### SUMMARY OF RESULTS:

PCR DNA typing performed on the following samples indicates the presence of the same male DNA profile that is suitable for inclusion in DNA databases:

- swab "E2" from "inside on wall by point of entry near broken glass"
- swab "E3" from "piece of broken glass (on inside of)"

This combination of DNA alleles would, at a minimum, be expected to be found in approximately:[1]

      1 in greater than 1 trillion people

DNA extraction was performed on the following sample, but an insufficient amount of DNA was present for the DNA testing listed in this report:

- swab "E1" from "crow/pry bar"

Further analysis could be done upon submission of a blood or saliva sample from a suspect and/or victim/ elimination sample. Further analysis will require approximately 30 days.

The DNA results in this case do not match any previous PCR (STR) DNA cases to date.

The DNA results in this case will be entered into the OCME local DNA databank. The DNA results will be entered into the National Combined DNA Index System (CODIS).

---

1. OCME STR database, National Research Council (1996) The Evaluation of Forensic DNA Evidence, Natl. Acad. Press, Washington DC.

*[handwritten: Exhibit of DNA Expert]*

Motions Lost in Train
one Day prior to Deliver to
Court, Not returned by anyone


This in furninted Mind
of Judge White
Bloody Crowbar with
his DNA


Other Motions by Decision
of Judge White where it
States Bloody Crowbar
used by ADA's Defendants
in instant Case
Dissmissal in Interest of Justice ⟩ Motion
Decision