①

Federal District Court
Southern District of New York

HERMAN CRESPO
                    Plaintiff

2nd Amended
Complaint

All the Defendants in
First Complaint,
                    Defendants

16 Civ 0708

(1st Team) District Attorney's
Office Assigned to Docket #
And Subsequent 1562/x indictment
that Work on Case from initial
Accusatory instrument; District
Attorney & Assistants District Attorney's

                    : Defendants

The Commanding Officers
in Charge Proper Training of
Detectives to Prevent Warrant Squads

                    Defendant

Reinstatement of en service
Detective    Det. McNair
10 Precinct Warrant Squad,
                    Defendant

Cyruss, Vance
District Attorney
State of New York
                    Defendant.

12-7-18

1 of

COMPLAINT:

This is a compliant Againts the foregoing Defendants,

The Complaint against the District Attorney Supervisor, prior to choosing to indict the supervisor Screened case And Adhere with fellow (A.D.A) Assistant District Attorney to omittance of evidence that were enough to dismiss the Complaint in its entirely for there wouldn't be enough probable cause to Arrest, In doing so they knew that plaintiff had a history of pleading guilty - prior to trial on "cop-out", deal Presented by District Attorney's or Judge's; This lead the A.D.A Supervisor, that evidence

(2)

With held would secure that plaintiff may plea guilty if he was to be held incarcerated for long period of time and would eventually lead to plea of Guilty.

The first A.D.A.S. knew that he could not try case so he submitted to another District Attorney Without ommitted evidence, in hopes that someone else would take case — The Second team was aware that there had been evidence Omitted however, not as to what was the evidence, however, they withheld some of the Rosario/brady Material and perhaps let it be KNOWN that some of the Brady/Rosario Material would be handed to Judge and or Court Clerk

(3)

this Brady/Rosario material was never given to Judge for issuance of arrest warrant and omitted to Grand Jury for it was suffice to prove that plaintiff wasn't the individual that committed the allege crime of Burglary in 2nd Degree

The first A.D.A.S, and A.D.A and the Municipality were made liable by their falsification of evidence in withholding crucial evidence - and violation of Federal, state, United States Constitutional rights of plaintiff Herman Crespo

The Second Team of District Attorney are guilty for not caking Act of first D.A. office in Dismissing Complaint And Moving on with Complaint either Because they were not

(4)

Properly train and/or Supervised
in manner to violate one rights
of Federal, State, United States
Civil Rights, Human Rights, To
Directly and Deliberately hold someone
who is innocent of crime and deny
that citizen of his inalienable Right
to be free from unconsititional, Human
Rights to be free from illegal acts
by violation of A.D.A office District
Attorney Supervisors and/or assistants
to Committ illegal acts to insure
a legal act of obtaining a conviction
thus violating the sworn oath of
office bestowed upon them by their
Respective oath of office. Thus, All
District Attorney's, Supervisions and Assistant

(5)

District Attorney's Are guilty
for Not training or Supervising
the District Attorney Personell whom
Worked initially on pre indictment case
1562/11 And Seeking to team # 2
District Attorney's whom worked
on testifying Marshalling evidence to
obtain indictment, And directly deliberately
Withhold evidence that prolong his
Stay in Jail, and continued to
Prosecute Plaintiff on less than
probable Cause — Conspiring to obtain
Knew DNA under false Grounds
that it would hold plaintiff in
Jail when that DNA evidence was
suffice to prove his Innocence, This
first DNA WAS suffice to prove more

his innocence than his guilt it
was to say least equical but more
favorable to plaintiff as ploy A.D.A
choose to obtain Kween testing
of DNA that D.A office could
control,
          The supervisors of A.D.A
are all guilty for not monitoring and
/or supervising the actions of their
subordants in charge of the team.
that was in charge of Both 1 and
2 on indictment 1562/11 and prior
for their lack of training or
their direct and deliberate acts in
root to violate Federal State United
States, Civil Right; Human Right
Consitutional Federally annotated LAWS

(7)

that are secured to all citizens
of these United States and the
Republic for which it stands one
Nation under God!

The Supervisor is guilty for
improperly training and supervising
and admonishing the lack of
impropriety by their subordinates with
knowledge of their malicious abuse
of process and abusive actions in
attempting to justify a wrong
by attempting to gain a convention
on false testimony omittance of
evidence Rosario/Brady material or
any material that proves the citizen
his Constitutional Rights

9

The District Attorneys Actions
of seeking 2nd DNA, of which
was unnecessary proves the
Acts by D.A.O. to be a
ploy to seek, or in hopes of
delays to hold plaintiff in jail
Knowing that first DNA, proves
him not guilty of charges

The Acts of District Attorney's
undermine the very spirit of
Justice to MAKE them the
ones whom should be incarcerated
for their action and inactions
in not living to the sworn
oath taken.

All District Attorney's and their
superiors are liable while
making decisions of which violate
purely establish law, Federal State
City and United State Constitutions
along with human, Civil Rights

The Acts of testi-lying to Judges
by omittance of evidence should
not be condoned especially when
it leads to unjustified incarceration
And denial of all the Civil Rights
Constitutional Rights that are slowly
being deminished.

9

The District Attorney's office
is given to many Rights to
withhold meanful representation
to secure a fair Trial

By allowing A.D.A. to Marshall
evidence of police officer
Detectives gives them card
blanc to violate our secreat
Laws of this Great Nation.

The Allowance of A.D.A. to
disregaurd the Laws of the
State and City makes Judges
very very nasty to adhere to
theire duty.

The A.D.A. Marshall the evidence
use to adhere to obtaining a
Conviction everything is move
on their side and they constantly
continue to hold defendants in
Jail as ploy to Achieve their
goals to obtain Cop-out,
This should not be condone,

The Officers/Detectives Testilye
to get a conviction and A.D.A office
condone this action for its advantages
for both parties. This should not
Transpire.

10

The third Action by the Prosecution District Attorneys office is To Deprive the Rights of all Brady/Rosario Material Way before the inception of Trial — And should let the Judges and or Grand Jury Know of their Action — and/or Not be Allowed to continue to Trial before they Allow their Superiors Know of their Actions

Any Know A.D.A, or Superior District Attorney should be Dismissed for Violation of Any defendant before Trial or Arraignment,

The District Attorney's Office
Should be monitored by Federal
officers and others to secure
Peoples, Citizens Rights Are not
being violated.

The District Attorney Should
be overseen For holding one
in Jail as ploy to obtain
a plea bargain favorable to a
conviction for them

important
BackGround Material

The plaintiff on more than
one ocassion has plea guilty
because, ploys use by District
Attorney's office, by delaying
Trial Date false unreadiness,
obtaining evidence for case
And DNA postponements etc.

Just to Secure that plaintiff
takes a plea or to get plaintiff
conviction the plaintiff
has plea guilty in past the
District Attorney's office WAS Aware
of this
In 2006 to 7 the plaintiff plea
guilty to D Felony where he stepped
out of Jail without need to go
upstate After serving 10 month at Rikers Island
a thought not Guilty merely to get out Jail

②

A,     Please Take Notice, that this
is a 2nd Amend complaint Against
the defendants that this District
Court Judge, Paul G Gardephe, has choosen
to move to Dismiss the complaint
of the plaintiff Allegedly because they
Are time bar And because all the
defendants have Absolute Amunity and
or/ qualified Amunity from being
sue And because the plaintiff's
State claims the court refuses
to adhere to entertain for they
believe that since the Judge has
dismissed all the Plaintiffs claim
Against the Plaintiff the Court
doesn't wish to handle the State
Claims.

③

B. The Plaintiff preceives to believe upon being Knowledgable of the proceedings had before this Court and that the decision of the court is premature for all the defende for the reasons setfort below:

C. the Plaintiff firmly believes that upon information and belief that he has a viable claim Against all the defendants and that without further Discovery this case should not be decide and/or Dismiss.

(4 L

D. The Plaintiff States that Although the plaintiff has stated a viable claim against the Defendants stated in his orginal complaint and upon this Courts decision to allow the plaintiff the Right to Address the Court and Attach this Amended Complaint to his already submitt first Amended Complaint as stated on the Courts' Order Rendered September 18th. 2018 And Ordered the Pro se clerk to Send this Order by Certified Mail However, the plaintiff received it Late because it was Sent by Regular Mail. on or about October 9th or 10th.

by Plaintiff, thus the Plaintiff
went Directly to the Pro-se office
to Request time to make an
11 Amend Complaint — thus the
Plaintiff would need additional time
to due so —

e. The Plaintiff wishes this Court
would take an intermeatly Look
At this Amended Complaint with
the Scruintrey the Plaintiff believes
To be a viable Claim As to Asserted
in the forgoing Matter,

The District Attorney's office
As well As officers and/or Detectives
Are Sworn officials for the
City And State to Secure that
they uphold State and United State
Constitution along with the Federal
Laws that they are bound to
Secure and uphold the Constitution
of the United States,

In the process of Seeking
an Indictment against the
plaintiff the office of the
District Attorney knew that one
of their co worker's and Assistant
District Attorney withheld evidence
that would had prove the plaintiff's
innocent And use some evidence
that States with particularity

⑦

that the plaintiff was not
the one that had committed
the crime, also Based on the
formentaion and ongoing the plaintiff
Respectfully states that this
direlection of Duty by the
District Attorney's office
the District Attorney's office
have violated the state and
united states along with the
Federal Laws that are binding
to these laws and the Violation
of the District Attorney was
direct and de liberate that it
Violated the Plaintiff 145
6, 8 10 11 14 Constitutional Rights
to 1) be free from unlawful intrusion
in his person, his home, and to

8th

Enjoy his freedom in the prosuit of happyness Also to cause violation and a prolong unnecessary time incarcerated before and after they became knowledgable that the evidence had been withheld by A.D.A's Rosario/Brady Material And also by the uses of alloge challenge DNA admittance into evidence challenge by the Plaintiff - and the plaintiff took exception to the Ammittnce of the use of D.N.A. - Dispite the fact that some of the first DNA proved that the DNA held or had on the distrayed Crowbar which the Defendant's choose to use as evidence, had evidence that the plaintiff

LOOK!

See Trial Transcripts

⑨

Was Not the one that
committed the crime, the crowbar
and all the evidence was Not
tested for Blood, the DNA
on the Distroyed College use
crowbar was that of a
Female not a male and
diffently not the plaintiff.
See Respectfully Minutes of
The Trial by the Medical
Examner, and the Police
Florensic Department, A, B, C, 3 Documents
E, the minutes of the transcript
of trial where it State that
a Females DNA was found on
crowbar exhibit E P, 89
and, the Document where the
prosiding Judge Stated on
Record that he knew that
the plaintiff was not the

"To Servive a Motion to Dismiss A complaint must contain sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face" <u>Ashcroft v. Iqbal</u> 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)

In considering a Motion to Dismiss... "..... The Court is to accept as true all Facts alleged in the Complaint," <u>Kassler v.</u> <u>2nd Ave. Delicatessen Inc.</u> 496. F. 3rd 229, 237 (2nd Cir 2007) citing Dougherty v Town of N. Hempstead Bd of Zoning Appeals, 282 F. 3d 83, 87 (2d Cir. 2002) and must "draw all reasonable inferences in favor of the Plaintiff." Id. Citing Fernandez v. Chertoff, 471 F. 3rd. 45, 51 (2d Cir. 2006 This Court Choose to go on that the strongest points should be considered Hill v Curcione 657 F3d. 116, 122 (2d Cir. 2011) Cruz v Gomez

202. F. 3d 593 597 (2d Cir 200) Along with
Wilder. V. United States Dept of
Veterans affairs 175 , F. Supp. 3d, 82, 87
(S D N Y 2016) Nor will the Court
Consider if stated Conclusion at
Law, or deductions of fact Whitfield
V. O'Connell 9 Civ 1925 (WHIP) 2010
WL. 101060. ^ *4 S D N Y Mar. 2010)
Quoting First Nationwide Bank VSell
Funding Corp. 27 F3d. 763, 771 (2d Cir
1994) See Harris V. Mills 572 F 3d66, 72
2d (Cir. 2009) ... (T)hreadbare recitals
of the elements a cause of action
supported by Mere Conclusory statements
do not Suffice (to Establish entitlement to relief
("quoting Iqbal 556 US. At, 662,)

In Considering A Motion to dismiss for
failure to state a claim Pursuant to Rule
12(b)6 a district may consider the
Facts alleged in the complaint, documents
attached to the complaint as exhibits, and

(9)

(12)

documents attached to the Complaint, documents incorporated by reference in the Complaint, Difolco v MSNBC CABLE LLC, 622 F3d 104,110 (2d Cir. 2010) Citing Chambers v. Time Warner In 282 F.3d. 147, 153 (2d Cir 2002) Hayden v City of Nassau 180 F3d 42,54 (2d Cir. 1999) "Where a document is not incorporated by reference, the Court may never (the) less where consider it where the Complaint" Id quoting Mangin Fico v. Blumenthal 471 F.3d. 391 398 (2d Cir. 2006)

Moreover, allegations made in pro-se plaintiff 's Memorandum of Law ... are consistent with those in Complaint, they also may be considered in motion to dismiss." Braxton v. Nichols. 8 Civ. 3568 P.66 2010 WL. 1010001, at *1 (S.D.N.Y. Mar. 18, 2010) Citations Omitted) See Also Bugness. v. Goord, 98 Civ. 2077 (SAS) 1999 WL. 34458, at *1 N v 1 (Jan 26 1999 Same

Realisty in the rational submitted by the Courts ruling on the Complaint in accordance for whit, Perry and Codrington in their official Capacities or otherwise the complaint was Not view in fact as

To The Facts that these were A.D.A.
in reference to the Second District
Attorneys that were able to Adhere
to the indictment of 1562/11 For
the initial DA Supervisor Knew that
the evidence Omitted being Brady/Rosario
Material was suffice enough to prove
the plaintiff's innocence to the Sole
Change on the indictment So the
Supervisor whom with held the evidence
could not have had his team try the case.
These Assistant's Later received the
case but in viewing the manner in which
they conspire to also conspire to testa lie
that they too withheld evidence of
Brady/Rosario Material that A thought
More evidence is withheld the evidence

E

(14)

that they withheld of which some was
given toward the end at least to the
Court that it was self evident that
Pages 291 to 295 — Stipulate that
Judge knew that the then Defendant
now plaintiff was not the individual
that Broke into the establishment
for the evidence proved that the
DNA that was found on the Alleged
instrument the Bloody crowbar had
enough evidence to state that it was
X DNA meaning a Females DNA was
on the crowbar not enough to state
that who it was but enough to stipulate
that it was a FEMALE; Also note
that it was never ever tested for

(14)

blood — therefore ; these facts
show that this Court had the
opportunity to secure that there
had been not one conspiracy but
two from the Supervisor District
Attorney who first received case
and choose not to handle it
that would be the first District
Attorney's that handle the docket to
secure that another District Attorney
Team handle it for they with held/
and/or omitted evidence still believe
to be in their Possession (Prosecution
Possession.)

   That is why this Court should
secure that they obtain this
information for it this Discovery Material

(15)

is sort it would prove the true Contentions of the Plaintiff's truth to the matters setforth in his complaint not in so many ways but since the this case is so hard that its easy if investigated that in essence the District Attorney's Office, Supervisors, And/or Assistant District Attorney's (Herein D.A.O, D.A. Supervisors &D.A respectfully) Are all liable for their actions or inactions — The former to Act in manner as to their sworn Oath to uphold the office they were sworn to uphold the oath of his office, Protect the integrity of their office, Not Disgrace the sworn Oath because that is one of the Smaller yet Larger than life actions done by District Attorney office

NOT to Mention the obstruction of
Justice in with holding evidence
that would have proved the plaintiffs
innocence and the need for violation of
the plaintiffs Federal, state, united states
Constitutional Rights to be free from malicious
Prosecution, abuse of Process, Cruel and unusual
Punishment 8th Amendment 11, 14, 6, Amendment
Right to Fair Trial, Right in his own self &
home for malicious, Malice by all Defendants
4, 5, 6, 14, 10, 11, 12, Federal Constitutional Rights
Along with his Civil Right. because he
WAS a his panic convicted individual
profiled as one who will cop-out — (plea Guilty
a thought Not Guilty)

Note, Plantiff, WAS held for approximatel 10 months
From (October 10, 2005 to (2006) when he plead
Guilty althought not Guilty at Manhattan Supreme Ct at 55

17

'is receive it would further-prove that their was pass it to someone meaning A.D.A. Whom has No Knowledge of the Omittance of evidence for they could try the Case — we have Knowledge that we withheld evidence, he may cop-out before we go to trial he has in pass — statement upon information and belief of first team that withheld/omitted evidence of Brady/Rosario material Therefore, The 2nd District Attorney whom handled this case, Knew in advertaatly that the only way to try the indictment 1362/11 is to withhold evidence of Brady/Rosario material until Trial — had this material

18

The District Court Erred
in not adhereing to the Plaintiff
complaintion his original charge
of conspiracy against the
N.D.A.'s and do not have absolute
immunity or Qualified immunity
for their acts of Knowledge
that one of their allege (ADA's)
assistant District Attorney's with
held evidence being Brady/Rosario
material that would have swornly
violated their oath of office to
violate the plaintiff's Federal, United
states and State Constitutions. Civil Rights
See Walker vs City of New York
974 F2d 293; 42 § 1983 also See Rehberg
V. Paulk 132 S.Ct 1497 · Margaviel 6 612 F 3rd
149

(3)

19th

held in an attempt to seek A
plea of Guilty or hopes that
plaintiff would plea Guilty.
See Walker v. The City of New
York 974 F 2nd 293

2. The prosecution duty is to
uphold the Laws of this State
And Oath Sworn to do their duty
in a manner that was consistent
with that oath not to falsely
Accuse an individual for he had
prior convictions and it was likely
for him to plea guilty rather
that go to trial. See (Backround
Material (Anti) also see Copy of Sworn
Simular Oath of Prosecution, — See Also
Copy of A B C Exhibits attached hereto



The evidence of the Trial M's
are indicative that there w
Malice to attempt to try, Mr. Cee
the plaintiff, without the evi
haven't been relied upon t
obtain, the warrant for arres
to give to the Judge to obtain
warrant nor was it evidence
had been given to the Gra
Jury to indict Mr. Crespo, b
it would have prove Mr. Cresp
Never Broke the allege Window
So the people/Defendant's a
relyed on false Maliciously
Brady/Rosario Material tha
have Proved A Conspiracy

2.

21

All the District Attorney that
first withheld Brady/Rosarioo
Material and did Violate the
Plaintiff's Federal State and United
States Constitutional Rights,
Civil Rights and City and State
Claims — of U.S.C.A. 1,4,5,6,8,10
H 14 Amendments of United States
Constitutional Amendments, State
Constitutional Rights to be free
from False Arrest, Malicious Procecution
Abuse of Process, Right to be Free from
Malicious Abuse of the Defendant to
Use their office to secure A Misleading
the Plaintiff in believing that he
had committed they knowly knew
was Innocent by false omitted evidence

22

Exhibits

A. Copy of Minutes, ABCD which prove that Judge knew plaintiff was not the individual that broke into the 99¢ Store.

A1. The Court knew based on the ommitted evidence to Grand Jury to seek warrant that there was conspiracy and choose to suggest that he had gone into the establishment rather than to hear the plaintiff out so he stated for him to shut up, and spoke to his Legal Advisor. See minutes of Trial.

A2. The Court that presided over the case didn't want to dismiss the charges nor did he allow plntff to speak. This made the plaintiff hold back on what he stated in Court. Plaintiff knew Jury at Trial heard this. — See Trial (Min

23

A. The omittance of the Brady/Material
Should prove to this Court that their
was a Conspiracy by the 2nd District
Attorney's A.D.A., ADA Supervisors
that it WAS AN Ongoing Conspiracy
that should have let this Court
look more intermediately at this
Crucial evidence that plaintiff has
a truthful viable Claim against
the first A.D. Attorney Team as
Well as the 2nd District Attorney
team which should have dismissed
the Indictment from inception And
the Case in its totality, This Honorable
Court erred in not looking into
the Claim of Conspiracy by both

24

the District Attorney Supervisors
Team (1) And (2).

25

The Acts of the UNKNOWN
District Attorney; And District Attorney
Assistant's (Hereon (D.A. + (A.DA.)
Are that they violated the Duties
of their Sworn OATh to uphold
the Constitution. violating the state,
United States Constitution of the
America along with Federal Constitutional
Laws along with Civil Rights
of the plaintiff,
1. The Commanding Officers of
the District Attorneys, the District
Attorneys Office as a municipal
function are guilty of improperly Training
the (D.A and ADA involved in the indictment
1562/11 And/or Not Proper Supervising them
2. The District Attorney's office

A. For Improperly Training their A.D.A.'s
And for Acting in Manner Contrary
To their Function And not properly
Screening thean employee's

B The District Attorney's office
is in violationm of prolonging
the Stay in Jail of KnowninNoncent
Man.

C. Falsifying Evidence and/or ommitting
Evidence that would Prove the
plaintiffinnoceant of charge against
him.

D for Falsfying evidence by Marshalling
evidence for convenance of case

26

The D.A. and A.D.A's in the
Case docket 1562/11 is undoubtly
a fact that all The District
Attorney's and A.D.A's obviousely
Knew that there had been evidence
withheld, also that they all Knew
that the evidence that was
used was suffice to have
falsely presented to suit predicate
of case, to Judge, Grand Jury and
because of withholding of evidence
District Attorney's involved in Indict-
ment 1562/11 are all guilty of the
Conspiracy to Seek Conviction under
False pretenses and the Need for
proper training is essencial for A.D.A.

27

The District Attorney Supervisor
And or District Attorney an/or the
District Attorney Assistant's all
(Hereon D.A.S; /D.A, / A.DA. Respectfully)
Involved 1562/11 indictment when
They all had a concesus meeting
Knew that there wasn't enough
evidence to presume that there
was suffice evidence and/or Probable
cause to arrest the Defendant
Now plaintiff in 16 CIV. 0708,
for the following reason's

A. The Records Kept by the
Medical Examier of the State of N.Y.
See Exhibit  A, B, C, D

B. The Minutes of the trial
where it states and Judge States
See exhibit 291-295 And 98-98 where
it states that XY WAS on the
DNA on Crowbar when tested
which Meant it WAS Female Not Male

28

Although unable whom it was
it was suffice to Determine
it was not a male and obviously
not the Plaintiff.

Although Plaintiff was Never
made aware of this at No
Time prior to trial, However, all
the D.A's Aforementioned made
the policy makers liable and
Their Supervisors and as Policy
makers they are for making
A wrong choice that is likely
to happen on Occassion And
More than Once liable for
Their Action ~ See Walker v.
City of New York 974 F2d 293

which was a females DNA, not a Male. there fore,

A) The DNA wasn't the Plaintiffs

B) the DNA Allegedly Bloody Crowbar had been distroyed As evidence by the N.Y. City Police Department.

c) There wasn't Any evidence to Prove the Allegedly buglar, Mr. CRESPO was ever in the area at any given Time either before or After the Commission of the Crim.

For All the forementioned this Court should reverse the decision made 9/18 and restate the case and/or Make a Disision of Law that there is suffice evidence that there would be favorable to have a favorable Decision to the Plaintiff As a matter of Law. See

Complaint Against The Defendants.
Are as Follows                                    29

That the District Attorneys
in this Matter directly and deliberately
Violate the plaintiff's rights Based
upon that they falsely choose to
indict and omitted evidence to present
to Judge and to the grand jury all false,
to secure that they could obtain a
conviction.   The District Attorney and assistant
district Attorneys (hereon (A.D.A) use
(A.D.S) (D.A.)
their office in a malicious way
contrary to their custom and Training
To secure that they could obtain a con
viction with hopes that the plaintiff
would plea guilty and not go to
Trial.



30

The District Attorney held
this evidence in hopes that the
plaintiff having been incarcerated
at other times, for allegedly comitting other
crimes of which he plead guilty for
the A.D.A.'s believe that he would
plea guilty of this crime although they
knew he was not guilty because he
would have received an exorbitant amount
of time, and in the past he had plead guilty
of crimes that were not proven against him
although the A.D.A. knew that since the
plaintiff was not guilty in the past they
believed by holding him in Jail that he
would evidn eventually get tired and take
a plea of guilty for less amount of time.

31

as he had in the past.

The District Attorney with held crucial evidence that was Brady/Rosario Material Had this evidence been given there would be no Need for him to make this claim Against Defendants, nor would there be Any Need for his arrest or Any of the Federal, State And United States Constitutional Rights to be infringe upon As well As his Civil Rights,

This Amended complaint states that the D.A. And A.D.A. whom worked on the conjuring up of evidence to secure an arrest, falsely, And the false evidence made up by a consensus decision

32

of the D.A and A.D.A.s of which
'is A conspiracy of with holding
the evidence made the A.D.A's
decision A Sworn conspiracy to
make it seem as the plaintiff Crespo
was guilty of the Crime. This
choosen action was made the District
Attorney's office Liable because of
the direlection of their duty. It
also made the District Attorney's
office liable, because they are liable
for making a choice of something
which they may encounter during their
Training to become Assistant District
Attorney's or District Attorney's
The District attorney whom choose

(5)                                                                                      27

To omit the evidence, Knew that
his actions were wrong but believed
that by making this posible, that one
of his subordinates would obtain a
conviction, and by doing same is
screening a case to obtain a conviction
of which he believed he/she is doing
the function of their job.

   Althought the plaintiff is unaware
as to whom was the D.A. or A.D.A,
he claims it was one of them
a District Attorney and/or Assistant that
ommitted said Rosario/Brady Material that
would make it possible for the Charges
against Mr Crespo, the plaintiff stick.

34

The A.D.A. was given a Duty by District Attorney after Altering the the D.N.A., and choose this to be a deloratory tactic to hold the plaintiff in Jail after the Arraignment.

First The District Attorney's and Assistances' and all other A.D.A's that were involved in the consensus decision making meeting — they told Whitt what to say during Arraignment, Bernatter Codrington how to address the Grand Jury and they gave the Case to Lauren Perry to Try.

The First Act was to Secure that they could obtain a warrant that seemly was truthfull enough to believe to

35

obtain Warrant from a Judge
any Arrest Warrant if this in fact
was a real Judge, (for the
plaintiff Look on his own if there
was a Judge by the Name of Williams
after he received the Discovery from
his Attorney or Acting Attorney Katz,
on October 23, 2011 which was the
first time after arraignment he had seen
this Attorney — This is reasoning for Firing him)
     The Plaintiff believed he never had
Seen a Warrant without the Seal coming
out when it was a true Warrant from his
study of cases. So the Judge who
alledgedly issued Warrant is questionable.
As to the fact whether or not a Truthful
Signature of Judge?

36

2. The Instructing the Commanding Officer whom gave the Warrant to Police officers that the instructions given them on how to go about going to execute the Warrant. This Make the Commanding Officer and Investigating Officer Garcia, whom became sworn witness of his intructions to Arrest Crespo, the plaintiff, along with his subordinate officer all liable for their respective action and in actions in the proformance of their duties, and for false arresting by using tactics contrary to their respective training of arresting one with warrant, For they lied about what He was being Arrested, Never showed Warrant

37

The Officers were wrong
and violated the manner in which they
arrested the plaintiff, ① they never
stated they were officers or that they
had a warrant to Arrest the plaintiff.
3. They use lies to obtain an Arrest
when there wasn't any Need to
lie. 4, They mislead the plaintiff
where the plaintiff believed he was
coming home that evening. The officers
Knew that the plaintiff was not guilty
of the charge, the leading Det, Garcia
especially for he was the investigating officer
since the inception of the case 4 17, 18 2007
for he was the investigating officer and
one that took the allegedly DNA from plaintiff.

38

The District Attorney's Office
upon Securing their Indictment,
having a False Arrest allegedly Arrest
Warrant had the plaintiff Arrested
And Gave the Assignment to Bernadette
Lumas Carrington She Lied to the
Jury upon instructing them as to the
evidence also marshalling the questions
to all the Wittness' to obtain A
Allegedly True Document Against the
Plaintiff, Knowing that this manner
She would obtaining the given requested
relief of an Indictment against the
plaintiff.
        The Instructions given Whitt
upon his Arraignment to the Court was
rehearst and Contrary to the Manner

39

in which he was trained, of
which infurriated the mind of
an already pro District Attorney
Judge, Judge Reenee A. White
part 62.

    The statement upon the plaintiff
entering the Courtroom on August 24th
2011 where the A.D.A Charles Whitt.
Stated in a LOUD Voice, the following
Mr. CRESPO HAS been indicted by
the GRAND Jury on the 15 of August
for Breaking into a 99¢ Store with
a "CROWbarr" (BlOOdy CRowbar)
with his DNA.

    The Bail of 8,000 WAS
Place on the plaintiff whom Knew

he could never raise that amount
of funds nor anyone in his family.
So then the case had been
adjourned and the D.A now
being Lauren Perry whom conjured
up. to have D.N.A. retaken
so that the case would be
prolong along with fact that
evidence of the Original People
that took evidence would prove
the plaintiff's innocence. This
was purpose of the long Delay
Two, Fold to hide the testimony that
would have proved it wasn't plaintiff
and that the A DA. knew this all
along - also to prolong stay incarcerated
to Hopefully have plaintiff Plea Guilty,

40

The District Attorney, Vance, and Supervising District Attorney and perhaps even Assistant D.A's know to a moral certainty that the District Attorney's in some form will be left with decisions that may be harmful to them either directly or indirectly in adhereing to allow or omitt evidence and its a choice taken often known as to what may happen if discovered and thus, by making the wrong choice they have violated the oath of the Office that they have, the Federal, United States, and State Constitutional Rights of a Citizen and Civil Rights along with

the Laws of the State of
New York especially abuse the
process of Making a false Arrest
conspiring to secure a already known
convicted individual, now citizen to
violate his rudimental Right to
unlawful arrest abusing their office
and becoming an Obstruction of
Justice by filling an unlawfully
seek arrest, warrant for arrest seeking
to falsify evidence to obtain the
warrant, the false testimony of the
presenting A.D.A. know accomplist of
the conspiracy to falsify testimony to
violate their office, State, United
States and Federal Constitutional Laws
to the GRAND Jury whom are Trusting

41

that any D.D.A. holding their office will state a truthful claim as to what they present not rogue of the sort had at this instant case that should be dismissed from the office @ hold in the District Attorney's office proving that this may have happen again and again and sending wrong messages to up coming A.D.A. and for having the gul to act in a manner to stand for Justice and most of all for Depriving a person to secure a place in Society — even if he/she has been convicted in past.

42

The District attorney should be
Taken the salary for @ month that
they sort to prosecute the plaintiff
And Accountable for their actions
And the state and City should
be held liable @ of the officers
And assistants that worked on Indictment
1562/11 for they knew that the defendant
now plaintiff was falsely prosecuted
for their Acts and inaction for not
reporting those whom they knew that
these actions were be done
to the ex convicted and now citizen
plaintiff Herman Crespo and Secure
that they never wholed a public office
Again and Serve as a example to

43

Any other Assistant District Attorney

or a worker thereto to these

views which are the very people

that are suppose to uphold the

Spirit of the District Attorney's

office

The Above Mentioned Makes the

all Known A.D.A, of whom worked

on the Indictment 1562/11 are all

liable for their acts or non-acts

As Subordinate A.D.As and Policy Makers

of the Municipality Also the Supervisors

And District Attorney's Cyrus Vance

whom should Know As to the work

either improperly Training or NON

Supervision of the Supervising

A.D.A or Supervising District Attorney

44

The Supervizing Officer or Officer
in charge that gave the Warrant or
allege Warrant and/or instructions to
obtain Mr.Crespo for arrest must have
gave Det. Garcia And other Coherted
officer's who Assisted in the Allegedly
arrest Warrant were all guilty
of falsely arresting plaintiff under
false information and without
probable cause exclusively Det.
Garcia whom was also the investigative
officer on the burglary when he obtain
the hit by the evidence that he
had Knowledge of for he was the
Det. in Charge of CASE since inception
back 2007 Note: He was in charge of
All Burglaries in cheilsea Area.(23rd st)-

45

Not alleged a pattern of practice in Connection with said Monell claim;

3. Plaintiff Claims against Detectives for false arrest and imprisonment are time barred. (4) The Malicious Prosecution Claims and denial of Fair Trial claims against Rivera fails, because Grand Jury Testimoney may not be used against him;

5) Low of Plaintiffs Remaining Claims or Cause of Action of State Claims, For all Federal claims have or will be dismissed, This Court will not exercise Supplemental Jurisdiction over Plaintiffs State Law Claims, because This Court finds all Federal Claims had been restored For Defendants.

B

46

Abuse of Process, False Arrest, false Imprisonment, denial to fair Trial, Cruel and unusual Punishment And equal Protection of Civil Rights (2) State Law for false Arrest, False imprisonment, malicious Prosecution, false Imprisonment and Abuse of process, equal Protection of Law of New York State Constitution and defamation; also a Monell Claim against District Attorney.

The Plaintiff seeks seeks for this Court to reverse their Decision on the Order entered 9-19-18 Stating that District Court found Plaintiff Claims Against District Attorney's are barred by the Eleventh Amendment and Absolute Immunity 2) Plaintiffs Claims do not allege a Monell Claim because he had

47

The District Attorney's Office erred in not dissmissing the case and in evenly enough in making an attempt in trying to make an issue of the case for they knew that they didn't have enough case out of an obviously none provable fact that there was insuffice evidence to even prove that Mr. Crespo even committed the lesser part of the case which would have been distraying property in breaking the window. See exhibit where it states that the allege DNA on the supposely have been the instrument that was used to break into the burglary site; wherint States that DNA belong to k

This is An Amended Claim
against The Defendants already
Stated in the Original Complaint
And the Add Defendants of which
are setforth Herein on This 2nd
AMENDED Complaint granted by
the Court Order dated 9/19/18

This Second Amended Complaint
ASSERTS claims against the
Defendants under 42 § 1983, Civil
Rights violation of Federal, State
and United States Constitution along
with the City of New York and Laws
therein including and not Limited
to the equal Protection of Law.
They are for (1) Malicious Prosecution,

48

Also upon information and belief all evidence gathered up and received by him from Squad that made report available to him upon being investigating Det. And case being initially his - so he had direct and deliberate knowledge of First DNA. Reports, before turning it over to District Attorney's office, The finialization of DNA was first sent to him with no hit on it.

(49)

The District Attorney's office
And/or D.A.S., A.D.A's that worked
on this case of 1562/11 are all
Liable for being Knowledgable of
Conspiracy to Violate the Rights
of the plaintiff, Federal, State
United states respective Constitutional
Rights as well as Civil Rights to
be profiled As recividus arrest records
And the use of District Attorney Office
for withholding Brady Rosario/Material
in hopes of getting a plea of Guilty
Vin cop out by plaintiff or defendant
at time for he had plead guilty
in the past.

51

The District Court for Southern
District erred in not going
to the Actions or inActions
of District Attorney's office
and all the Defendant District
Attorney's — See Minutes 291-295
Trial Minutes — where Judge stated
it was not Plaintiffs DNA on
crowbar it (DNA) belong to
female not Male thus plaintiff
Never used allege Bloody Crowbar that
was never bloody crow — but had suffice
evidence DNA to prove it was a female
Not plaintiff. See Exhibits 1. A, B, C D,   respectfull

52

The Prosecution Supervision And
Training Staff Have Never Train
the DistrictAttorneys on how to
conform in the manner inwhich
to properly dismiss a claim
` Nor Should any District Attorney
Should be allowed to Violate the
Spirit of oath of office

(2) The Supervisors of District
Attorney whom conform to these
tactics should be dismissed
from their duties As Prosectioners
or assistant A.D.A assistant District Attorney
A District Attorney should Not
condone these Actions by their
Subordinates and be subject to dismiss

Sworn Duty of
Prosecution
D.A. A etc.
Exhibit (1)

( i )

Cornell Law School
# Legal Information Institute [LII]
OPEN ACCESS TO LAW SINCE 1992

U.S. Code › Title 5 › Part III › Subpart B › Chapter 33 › Subchapter II › § 3331

## 5 U.S. Code § 3331 - Oath of office

An individual, except the President, elected or appointed to an office of honor or profit in the civil service or uniformed services, shall take the following oath: "I, AB, do solemnly swear (or affirm) that I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God." This section does not affect other oaths required by law.
(Pub. L. 89–554, Sept. 6, 1966, 80 Stat. 424.)

*LII has no control over and does not endorse any external Internet site that contains links to or references LII.*

About LII    Contact us    Advertise here    Help    Terms of use    Privacy            [LII]

900

10 ————        800 -

10 —        600

(1)

The plaintiff believes that
during the reception of the response
of the District Court, the plaintiffs
belief became true and he became
Knowledgable of the fact that their
had been more than one conspiracy
on Indictment therefore the contentions
that the charge of being untimely
given the plaintiff should be revirsed
for he became Knowledgable on the
Judges Deetsion that this was the
time he became Knowledgable
therefore All charge against the
plaintiff should be reinstated and
this action is premature discovery
on this matter should be allowed.

in furtherious of Claim; The officers
and/or Detectives should be reinstated
to their original claim against the
officers/Detectives The Det McNair shall be
Served also. Along with Commanding Officer if Precinct
of Arrest officer
The Knew Defendants A.D.A
office — A.D.A. A.D.A.S, A.D.A.s
Should be served with Complaint etc.
Also the Claim against the Cyruss
A Vance should be reinstated for
Failure to Supervize, and Train
District Attorney Personell etc,

The District Attorney Office and all Defendants denied the plaintiff his rudimental Right, Federal State, United States, 1, 4, 5 6 8, 11, 12, 14 etc. Civil Rights Human Rights and crystaling fact he was used as one who had been arrested before.

see United States, Walker v. The City of New York. 974. F2nd 293, 42 §1983 Pembaur v Cincinnati, 475 U.S. 469 City of Canton vs. Harris. 489. US 378. Ricciutt v New York City T.A. 941 v 7id 119, Herman Cesaro v. Commanding Officer NYC. Police Department,

Manganiello, 612 F3d. at 161, Murphy v Lyn. 118 F3d. 938, 944 (2 Cir. 1997)

Wherefore to the plaintiff Humble prays that this Court enter An Order restore All the Claims against All the Defendants be restored until further discovery and that discovery be sotforth immediately as to all Defendants in Indictment 1563/11 prior to indictment - that plaintiff MAY KNIW All Defendants the Discovery as to All Moving Papers et-al the Ordering that Knew Defendants May be Served And that Det, McNair from Original Complaint MAY be served and all other Defendants May be Served And for What ever this Honorable Court Deem Just And Proper

The PLAINTIFF Seeks that this court reevaluate the facts surrounding the Claims against the District Attorney's office useing some of the exhibits shown here any others that are in the Minutes of Trial to MAKE an inform deciscion, Reversse its decision for the plaintiff Just found out the Acts of Police Department so reinstatement of his Claim against him is in Order That if the Court preceives that the plaintiff has proven that there is NO WAY that the District Attorney's office could deny this that an Order be entered in his Favor As Matter of LAW.

The Plaintiff Herman Crespo does
swear that all statements aforesaid
in this Amended Complaint are true
and correct accept for all statements
made upon information and belief
and as to those are believed to
be true.

cc: Filed

Submitted Etc.

Herman Crespo
HERMAN CRESPO
760 East 185st
Bronx, N.Y.
10460

LOOK

This Court didn't review
this evidence that all
Conspiring A.D.A. office
knew they hadn't enough
evidence to support Probable
Cause to indict Mr. Crespo

This evidence along should
suffice that their was Conspiracy
and case should have been
dismissed!


Exhibit 1
(A.B.C.D) enclosed

Trial Proceedings
where Judge Admitts
plaintiff DNA WASN'T ON
alleged Crowbar use to
Break into 99¢ stores

Female's DNA found
on Crowbar not plaintiffs.

Exhibit 1
Trial Minutes Please Read
291 to 295

PROCEEDINGS

1   please, let me finish.

2            DEFENDANT CRESPO:  Sure.

3            THE COURT:  I don't see how giving an adverse

4   inference, in other words, sanction the People in any way

5   prevents this type of conduct from occurring again in the

6   future or how it serves as a deterrent because there was

7   nothing that was done wrong.  It's wasn't like the police or

8   the District Attorney's Office were even responsible -- in

9   any way destroyed evidence that otherwise would have been

10  saved.  So I have to think about this.

11           I understand that your client -- now, he never made

12  a specific demand for it, right?

13           MR. DONLON:  I wasn't involved in motion practice.

14  I believe that all of those things were asked for during

15  that portion.  I'm not too sure that Mr. Weinstein filed

16  motions and demand of discovery.

17           THE COURT:  It was the standard, usual demand for

18  discovery.

19           But he never requested to see the crowbar, and he

20  never knew it was destroyed until he came in here last week.

21  So we're talking mid-January, all the time that the case was

22  pending without knowing that the crowbar had been destroyed.

23  He never made a demand to see in it, to have it tested.  I'm

24  not ruling on it right now, but I can tell you that I'm not

25  sure that I am going to stick with my original ruling and

SARAH MAXEY, SCR

PROCEEDINGS

1   require that the Court give an adverse inference.

2        MR. DONLON:  I would respectfully disagree with the

3   Court.  I believe that the People do have an obligation to

4   preserve evidence.  I believe that's clear, and they are

5   aware of the Police Department's policy.

6        I was given a written directive from the district

7   attorney which explains the policy, and I assume the

8   investigative detective also is aware of the Police

9   Department's policy and would make it a practice to,

10  particularly when they have open cases with a pattern, that

11  they would make every effort to preserve that evidence.

12       Again, in the event -- certainly I think we all

13  could agree that the inference that I think is drawn from

14  the crowbar laying in the broken window is that the crowbar

15  was used to break the window.  This was the implement that

16  was used to break the window.  Certainly if Mr. Crespo's DNA

17  was on that crowbar, it would further the inference that he

18  was the person who broke the window.

19       THE COURT:  Right.

20       MR. DONLON:  The fact that there's unknown DNA, I

21  guess, creates the possibility that it was somebody other

22  than Mr. Crespo.

23       THE COURT:  Right.  We have that.

24       MR. DONLON:  So I think if it was someone else's

25  DNA -- and certainly I would want to argue, Look, the People

PROCEEDINGS

1   want you to believe that the crowbar was used to break the

2   window.  Now, we have X's DNA on it.  So someone else broke

3   the window, and Mr. Crespo went into the store.  I think it

4   would create some argument to be made, Judge.

5         THE COURT:  Even if we had the crowbar, it doesn't

6   change the argument because that crowbar was never

7   re-tested.

8         MR. DONLON:  Right.

9         THE COURT:  So I don't really see where you're

10   going with the argument.  The crowbar was never re-tested by

11   anyone.  So the evidence that was recovered from this

12   crowbar is what it is.  It is today in 2013.  What it was in

13   2007 nothing has changed.  And not having the physical

14   crowbar here does not change your ability to make whatever

15   argument you want to make.

16         I will say this, I do disagree with your argument

17   that the police should preserve evidence in blanket form.

18   This is a huge city with huge amounts of evidence gathered

19   every single day, many crimes that go unsolved.  If the

20   police and the Prosecutor's Office were to be required to

21   preserve every bit of evidence ever vouchered whether it be

22   investigatory or arrest evidence, we would literally have

23   countless numbers of warehouses of evidence.  It is an

24   impractical approach.  I think to keep it for a year seems

25   reasonable and -- you know, I'm not in the Legislature.  I'm

PROCEEDINGS

1    not on the City Council.  So I have no say on this.  But as

2    a Judge, it seems reasonable.  You save it for a year.  If a

3    case is not solved after a year, it gets destroyed.  And

4    that seems that's all that could be done to make sure it is

5    always enough room for ongoing, active investigations.  I

6    don't have a problem with something being destroyed after a

7    year.

8              Moving along to the memo book, I am going to give

9    an adverse inference as to Officer Serrano's memo book.  And

10   I will give an adverse inference as to the other officer's

11   memo book.  If between now and tomorrow morning we don't get

12   it and if we do get it between now and tomorrow morning, I

13   would ask you to have that detective available if Mr. Crespo

14   chooses to put him on the stand to conduct further

15   cross-examination.

16             MS. PERRY:  Yes, Judge.

17             THE COURT:  If we don't get it, it's going to be an

18   adverse inference as to both memo books.

19             MR. DONLON:  The police officer, Officer Serrano's

20   memo book, your Honor, the prosecutor had given me an

21   example.  I don't know if the Court has a copy of it, an

22   example of an adverse inference for that memo book.  And I

23   believe given that Police Officer Serrano's testimony which

24   I would characterize is, at the very least, disingenuous and

25   misleading to the jury and to the Court, and on the other

Leading Case   Buckley   509 US 259, 263 Supreme Ct Indictment #

PO.
Book   ③ Imbler v. Patchman (1943)   156 2/211
Absolute
qualified ④   424 US 409, 430-31 (1976)   Crim. Ct. DKT. #
Immunity                                           2011 NY 003442

④ Hill vs City of New York
        45 F. 3rd 655, 660

① Piwauel v City Suffolk [10 Precinct   230 W 20th Street
52 F.3rd 1139, 1147. (2nd Cir 1995)        N.Y. NY 10011

Burns v. Reed 500 U.S. 478 Lauren Perry   1 Hogan Place
486 (1991)                        N.Y. NY 10013

Deronette v City of New York
5 Civ. 5275 (SJ)   — citing
Deronette v. City of New York

Before Discovery Mitchell 472 U.S. 511
526 (1985) U.S. v. Colbert 87 4789   at *4 SDNY Sept 199
            87 Civ. 4789 (1991 WL 183376

    (see SEE P. 11.

                              Decided 12 8, 2016

See Cases under
                    ↓
unsealing Case 160.50   Martin El v Doe No. 15 Civ. 6581
                         2016 US Dst. Lexis 10259 (SDNY
Crosby v. City N.York 269 F.RD 267, 274 (SDNY 2010)   (1-28 16
Schomburg v Bologna 298 F.R.D 138, 141 (SDNY 2014)
Haus v City of N.Y. No 03-Civ 4915, 2006 US Dist
                    LEXIS 85225 SDNY 11/17/06

Office of Chief Medical
Examiner

Exhibit A



**OFFICE OF CHIEF MEDICAL EXAMINER**
Charles S. Hirsch, M.D., *Chief Medical Examiner*

**DEPARTMENT OF FORENSIC BIOLOGY**
Mechthild Prinz, Ph.D., *Director*
Howard J. Baum, Ph.D., *Deputy Director*
421 East 26th Street, New York, NY 10016
Tel: 212.323.1200 · Fax: 212.323.1590 · E-mail: DNALab@ocme.nyc.gov

September 9, 2007

## LABORATORY REPORT

---

**COMPLAINANT:** Mamadou Diakhate                           **LAB NO:** FB07-01010

**COMPLAINT NO:** 2007-010-01955

---

### SUMMARY OF RESULTS:

PCR DNA typing performed on the following samples indicates the presence of the same male DNA profile that is suitable for inclusion in DNA databases:

- swab "E2" from "inside on wall by point of entry near broken glass"
- swab "E3" from "piece of broken glass (on inside of)"

This combination of DNA alleles would, at a minimum, be expected to be found in approximately:[1]

  1 in greater than 1 trillion people

DNA extraction was performed on the following sample, but an insufficient amount of DNA was present for the DNA testing listed in this report:

- swab "E1" from "crow/pry bar"

Further analysis could be done upon submission of a blood or saliva sample from a suspect and/or victim/ elimination sample.  Further analysis will require approximately 30 days.

The DNA results in this case do not match any previous PCR (STR) DNA cases to date.

The DNA results in this case will be entered into the OCME local DNA databank.  The DNA results will be entered into the National Combined DNA Index System (CODIS).

---

1. OCME STR database, National Research Council (1996) The Evaluation of Forensic DNA Evidence, Natl. Acad. Press, Washington DC.

Exhibit B

See Trial Minutes
DNA Expert Testimony
P. 95 — P. 98

X Means Female
XY Means Male

X DNA Found on crowbar
use by A.D.A as instrument
used to Break in Allege 99¢
Store.

95

PEOPLE-DIRECT-MS. RAZZANO

1          MS. PERRY:  At this time, the People offer

2     People's 13 into evidence.

3          THE COURT:  Any objections?

4          DEFENDANT CRESPO:  No objections.

5          THE COURT:  People's 13 is accepted into evidence.

6     (People's Exhibit 13 marked and moved into evidence.)

7          MS. PERRY:  Permission to publish it to the jury.

8          THE COURT:  Sure.

9     Q    Ms. Razzano, looking at People's Exhibit 13, can you

10    describe what we're looking at here.

11         MS. RAZZANO:  May I approach?

12         THE COURT:  Sure.

13         MS. RAZZANO:  Thank you.

14    A    So what you're going to see here is three lines.  The

15    first line would indicate the DNA profile that we obtained from

16    Herman Crespo.

17         The second and third lines will indicate the DNA profile

18    that we obtained from two swabs tested in the case.

19         Along the top you will find 15 locations that we tested

20    in the laboratory along with one location at the end.  It says,

21    AMEL.  This is a sex determining locus.  So if you see a XY, it

22    indicates the DNA profile came from a male.  If you just see X,

23    it indicates it came from a female.  These are the locations that

24    we know to be different from one another thus making us unique.

25         What you'll see down here are two numbers.  These are

DEFENSE-CROSS-MS. RAZZANO

1              You can answer it.

2       A    DNA is deposited when a person comes into contact with

3    an item.

4       Q    But I mean as to span of time.  Can you state with

5    particularity how long that would have been at that given area?

6       A    No.

7       Q    Okay.

8              Therefore, you cannot -- by not being able to do that,

9    you can't say how long it was there, right?

10      A    That is correct.

11      Q    Can you tell from what part of the body it came from?

12      A    No, it's skin cells that are deposited from some part of

13    the body.

14      Q    So you don't know whether that was blood or what it was

15    in essence?

16      A    The two swabs that were tested from the glass had a

17    reddish/brown appearance.  At the time of testing, we did not

18    test for blood on the sample.  So the swabs were reddish/brown,

19    but they were not tested for blood.

20      Q    Is it possible that, let's say, when given test items

21    such as a piece of glass, is it possible for there to be two DNAs

22    at one given time on a piece of glass?

23      A    Based on the results, DNA was only found from one

24    individual.

25      Q    Let me rephrase that so you can understand.

SARAH MAXEY, SCR

Police DNA Report
given by A.D.A - from
Police Ekaimen

exhibit c



REQUEST FOR
LABORATORY EXAMINATION
PD 521-161 (Rev. 9-89)-95

POLICE DEPARTMENT
CITY OF NEW YORK

BIOTRACKS #0700625

(See instructions on last copy)

| INVESTIGATING/ARRESTING OFFICER (Print) | TAX REG. NO. | COMMAND | COMP./CASE NO. | PCT. | PROP. CLK. INV. NO. |
|---|---|---|---|---|---|
| Rank PO  Name (Surname, First, M.I.) Serrano Raymond L | | 010 | 1955/ | 010 | N656 005 |

OFFENSES: Burglary

COMPLAINANT (Name): Diakhate Mamadou

DATE/TIME OF OCCURRENCE: 4/18/07

ADDRESS OF OCCURRENCE: 344 W23rd St, NY, NY

TYPE OF PREMISES:

DEFENDANT/SUSPECT

| Name | Arrest No. | Pct. | NYSID No. | Sex | Color | Age | Height | Weight |
|---|---|---|---|---|---|---|---|---|

DETAILS OF OFFENSE   (Include Relationship of Evidence to Case. When necessary, include physical description of complainant.)

C/V states upon opening store he discovered his storefront window was Broken and Items from the Immediate Area of window were vended. Crow bar was discovered on scene As well as blood.

EVIDENCE SUBMITTED

| Item No. | QTY | Description | Ident. Marks | Where Obtained |
|---|---|---|---|---|
| E1 | 01 | Swab of Poss DNA | | From Crow/Pry Bar |
| E2 | 01 | Swab of Poss Blood | | Inside on wall by Point of Entry near Broken Glass. |
| E3 | 01 | Swab of Poss Blood | | From piece of broken Glass (on Inside of) |

TYPE EXAMINATION REQUESTED   (Purpose of Request)

Bio Tracks.        EBGA 01010

HAS OTHER EVIDENCE IN THIS CASE BEEN PREVIOUSLY SUBMITTED?  ☐ Yes  ☒ No

Check section and give case no., if known.

☐ Lab Case No. _____  ☐ Crime Scene No. _____  ☐ Ballistics Unit No. _____  ☐ Bomb Squad No. _____

IS THERE A PREVIOUS CASE WHERE EVIDENCE CAN BE COMPARED WITH THIS CASE?

☐ Yes  ☒ No.   If Yes. Complaint No. _____  Pct. _____  Lab. Number(s) _____

REMARKS: (Any Information That May Aid in Analysis)
In Regards to ECT Run# 07-R-049
Finder of Property PO R.busttello
Fax # ▓▓▓▓▓▓

Evidence Given to
PO Miyamoto. Tax #927214 } 10PC
PO Serrano   Tax #929158

| | MEMBER SUBMITTING EVIDENCE | | |
|---|---|---|---|
| Rank | Name | Tax Reg. No. | Cmd. |
| PO | Ributtello, A | | MSECT |

LABORATORY USE ONLY

☐ CRIM  ☐ ARSON  ☒ SER
☐ DOC  ☐ BAL  ☐ IDTU

Laboratory No. 07T 1728   Date 5-1-07   Received by: PO ___
EU07-M1825   5/30/07   a Ka# 627

WHITE AND PINK COPIES — POLICE LABORATORY        BLUE COPY — PRECINCT FILE COPY