UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HERMAN CRESPO,

                Plaintiff,

-against-

DET. GERALDO RIVERA, Detective
    Investigating, Arresting Detective
    on Indictment 1562/11;
LAUREN PERRY, Trial A.D.A.;
BERNADETTE LUMAS
CODRINGTON; CHARLES WHITT;
DET. JAMES MCGUIRE; DET. JOSE
MORALES; CYRUS VANCE,

                Defendants.

**ORDER**

16 Civ. 708 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

    Pro se Plaintiff Herman Crespo has sued the New York County District Attorney, three Assistant District Attorneys ("ADAs"), and three New York City Police Department ("NYPD") detectives for alleged misconduct in connection with a burglary prosecution of Plaintiff between August 2011 and January 2013. Plaintiff was acquitted at trial. Plaintiff claims that Defendants knew that he was not guilty of the charged offense, and falsely claimed that there was DNA and videotape evidence implicating him. Plaintiff also alleges that the District Attorney did not properly train and supervise the Defendant ADAs.

    On September 18, 2018, this Court granted Defendants' motion to dismiss all of Plaintiff's claims. The Court granted Plaintiff leave to move to amend as to (1) his Monell claim against District Attorney Vance; and (2) his malicious prosecution, denial of fair trial, Eighth Amendment, due process, abuse of process, and equal protection claims against Detectives

Rivera and Morales. (Sept. 18, 2019 Order (Dkt. No. 99) at 31)[1] Plaintiff filed a Second Amended Complaint ("SAC") on December 7, 2018, which this Court will construe as a motion for leave to file a Second Amended Complaint. (SAC (Dkt. No. 104)) Because the proposed SAC suffers from the same defects as the Amended Complaint, Plaintiff's motion for leave to file a Second Amended Complaint will be denied.

## DISCUSSION

### I. LEGAL STANDARD

District courts "ha[ve] broad discretion in determining whether to grant leave to amend," Gurary v. Winehouse, 235 F.3d 793, 801 (2d Cir. 2000), and "leave to amend should be freely granted when 'justice so requires.'" Pangburn v. Culbertson, 200 F.3d 65, 70 (2d Cir. 1999) (quoting Fed. R. Civ. P. 15(a)). The Second Circuit has cautioned that district courts "'should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)). A court may properly deny leave to amend, however, in cases of "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). "'Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.'" Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d

---

[1] The page numbers of documents referenced in this Order correspond to the page numbers designated by this District's Electronic Case Files system.

Cir. 2002) (quoting Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) (per curiam)). As noted above, "[o]ne appropriate basis for denying leave to amend is that the proposed amendment is futile. . . . An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." Id. (internal citations omitted).

## II. ANALYSIS

Here, the proposed Second Amended Complaint suffers from the same defects as the Amended Complaint. Indeed, as to Detectives Rivera and Morales, Plaintiff has pled no new factual allegations. Accordingly, leave to file the SAC will, as to Defendants Rivera and Morales, be denied on grounds of futility.

As to District Attorney Vance, Plaintiff asserts in a conclusory manner that he "improperly train[ed] and supervis[ed] and administer[ed] the lack of impropriety by [his] [subordinates] with knowledge of their malicious abuse of process and abusive actions in attempting to justify a wrong." (SAC (Dkt. No. 104) at 8) This allegation has no factual support, and falls far short of the sort of evidence of a "policy or practice" amounting to "deliberate indifference" that is necessary to support a Monell claim. Wray v. City of New York, 490 F.3d 189, 195 (2d Cir. 2007) (citations omitted). Because the SAC does not remedy any of the defects previously identified in Plaintiff's Monell claim against District Attorney Vance, leave to file the SAC will, as to Vance, be denied on grounds of futility.

In the SAC, Plaintiff attempts to add new defendants: (1) the "1st team" in the District Attorney's Office assigned to his case; (2) the commanding officers in charge of training at the 10th Precinct Warrant Squad; and (3) Detective McNair of the 10th Precinct Warrant Squad. (SAC (Dkt. No. 104) at 1, 72) The SAC contains no allegations as to the "1st team" in

3

the District Attorney's Office and no allegations concerning the commanding officers in charge of training for the 10th Precinct Warrant squad. Accordingly, leave to file the SAC will – as to these proposed defendants – be denied on grounds of futility.

As to Detective McNair, Plaintiff alleges that he "had direct and deliberate knowledge of first DNA, reports, before turning it over to District Attorney's office, [and] the finalization of DNA was first sent to him with no hit on it." (Id. at 65, 72)

As an initial matter, Plaintiff does not explain how Detective McNair's handling of the DNA evidence violated Plaintiff's constitutional rights. Moreover, Plaintiff has not explained why Detective McNair was not named as a defendant long ago. McNair's role in Plaintiff's criminal case was disclosed by Defendants in their January 18, 2017 Valentin letter. (Dkt. No. 37) But the Amended Complaint Plaintiff filed on March 10, 2017, does not name McNair as a defendant. (Dkt. No. 45) Accordingly, Plaintiff's motion for leave to file the SAC will – as to McNair – be denied both on grounds of futility and delay.

## CONCLUSION

Plaintiff is denied leave to file the proposed Second Amended Complaint (Dkt. No. 104). The Clerk of Court is directed to terminate any outstanding motions, close this case, and send pro se Plaintiff a copy of this Order by certified mail.

This Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

4

Dated: New York, New York
March 9, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge